IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

ELECTRONICALLY FILED
Jan 23 2023
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| ASSURE AMERICA CORPORATION, | Civil Action |
| Plaintiff, | No. 5:23-CV-16 (Bailey) |
| v. | |
| ASSURANCEAMERICA CORPORATION, ASSURANCEAMERICA INSURANCE COMPANY, ASSURANCEAMERICA MANAGING GENERAL AGENCY LLC, and INSUREMAX INSURANCE COMPANY, | *Electronically Filed* <br><br> **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiff, Assure America Corporation ("Assure America"), for its Complaint against Defendants, AssuranceAmerica Corporation, AssuranceAmerica Insurance Company, AssuranceAmerica Managing General Agency LLC, and InsureMax Insurance Company (collectively "AssuranceAmerica"), alleges as follows:

### NATURE OF PROCEEDINGS

1. Assure America brings this action under both federal and state law against AssuranceAmerica to address AssuranceAmerica's knowing and willful acts of trademark infringement, false designation of origin, false advertising, and unfair competition arising out of AssuranceAmerica's unauthorized use of Assure America's trademark.

2. As described in detail below, Assure America seeks injunctive relief, disgorgement of profits, and other monetary damages, as well as any additional remedies the Court believes just, including an award of Assure America's costs and attorneys' fees, as well as an enhancement of the damages award, given the willful nature of AssuranceAmerica's actions.

## **PARTIES**

3. Assure America is a corporation organized and existing under the laws of the West Virginia, with its principal place of business located at 3546 Pennsylvania Avenue, Weirton, West Virginia 26062.

4. On information and belief, Defendant AssuranceAmerica Corporation is a Nevada corporation with its principal place of business located at 5500 Interstate North Parkway, Suite 600, Atlanta, Georgia 30328.

5. On information and belief, Defendant AssuranceAmerica Insurance Company is a Nebraska corporation with its principal place of business located at 5500 Interstate North Parkway, Suite 600, Atlanta, Georgia 30328. Defendant AssuranceAmerica Insurance Company registered to do business in West Virginia in 2006.

6. On information and belief, Defendant AssuranceAmerica Managing General Agency LLC is a Delaware limited liability company with its principal place of business located at 5500 Interstate North Parkway, Suite 600, Atlanta, Georgia 30328. Defendant AssuranceAmerica Managing General Agency LLC registered to do business in West Virginia in 2005.

7. On information and belief, Defendant InsureMax Insurance Company is a Nebraska corporation with its principal place of business located at 5500 Interstate North Parkway, Suite 600, Atlanta, Georgia 30328.

8. On information and belief, AssuranceAmerica Corporation operates through its subsidiaries AssuranceAmerica Insurance Company, AssuranceAmerica Managing General Agency LLC, and InsureMax Insurance Company.

## JURISDICTION AND VENUE

9. Because this action arises out of the Trademark Act of July 5, 1946, as amended 15 U.S.C. § 1051 *et. seq.* (the "Lanham Act"), this Court has original subject matter jurisdiction over the Complaint under 28 U.S.C. § 1331 and § 1338. The Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

10. The Court has personal jurisdiction over AssuranceAmerica because AssuranceAmerica (though AssuranceAmerica Insurance Company and AssuranceAmerica Managing General Agency LLC) is registered to do business in West Virginia. AssuranceAmerica advertises its services in this District by means of its website. AssuranceAmerica's trademark infringement and trademark dilution have caused actual confusion in this District. AssuranceAmerica has directed its actions in this District.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a) because AssuranceAmerica is subject to personal jurisdiction in this District, and AssuranceAmerica's infringing and unlawful acts have occurred and are occurring in this District. Assure America is sustaining harm in this District as a result of AssuranceAmerica's infringing acts. Moreover, AssuranceAmerica (though AssuranceAmerica Insurance Company and AssuranceAmerica Managing General Agency LLC) is registered to do business in West Virginia.

## FACTS

12. Assure America is an agency that provides a range of personal and commercial insurance products. Assure America has offices in West Virginia, Pennsylvania, Ohio, and Kentucky. Assure America is licensed to provide insurance services in eight additional states.

13. Assure America traces its roots to the J.S. Tairiol Company, which was founded in Weirton, West Virginia in 1920 by Joseph S. Tairiol. J.S. Tairiol Company provided insurance

services throughout the northern panhandle of West Virginia for decades prior to its transition to Assure America. This entity was incorporated as Insurance America Corporation d/b/a J.S. Tairiol Company.

14. In 1990, Joseph S. Tairiol's grandson, Matthew Mangone, assumed leadership of the company, and expanded its operations throughout West Virginia, as well as in Pennsylvania and Ohio.

15. In 1994, Insurance America Corporation d/b/a J.S. Tairiol Company was renamed Assure America Corporation, retaining its principle place of business in 1994 in Weirton, West Virginia. Assure America commenced the provision of its insurance services under the service mark "Assure America" in interstate commerce in 1994, and has continuously operated under the "Assure America" service mark from 1994 to the present.

16. Assure America is an independent insurance agency that provides a variety of insurance products, including auto, home, life, health, disability, and business. Assure America provides insurance products to both individuals and businesses.

17. Assure America engages in extensive advertising by means of its website, www.assurreamerica.com, social media platforms, digital advertisements, billboards and banners, blogs and direct mailings. Through these efforts, Assure America advertises its services to hundreds of thousands of individual potential customers on a regular basis. Through these efforts, the Assure America name is extremely well-known in the geographic areas in which it provides services.

18. Assure America prides itself on its sterling reputation, which has been earned through decades of providing insurance products that are tailored to the needs of its customers at the lowest possible cost.

19. All of the insurance products and related services of Assure America are advertised, promoted, and sold using the "Assure America" service mark. Assure America considers its "Assure America" service mark to be its most valuable asset. This mark enjoys strong secondary meaning in the relevant marketplace.

20. Assure America is committed to the local community, supporting many local businesses and charitable organizations. While Assure America undertakes these actions as a responsible corporate citizen, such actions also inure to the benefit of Assure America's name and reputation.

21. Assure America is the owner of U.S. Trademark Registration No. 1,924,077 for the mark ASSURE AMERICA (stylized). This United States trademark registration covers the following services: "[i]nsurance agency and underwriting services for property, casualty, life, and health insurance. The application which matured into U.S. Trademark Registration No. 1,924,077 was filed on October 19, 1994 based upon a first use in commerce in 1994. The registration was granted on October 3, 1995. This registration grants Assure America the exclusive right to use the stylized mark "Assure America," or any confusingly similar mark (colorable imitation), in connection with property and casualty insurance, among other related insurance products and services.

22. U.S. Trademark Registration No. 1,924,077 for the mark ASSURE AMERICA (stylized) became incontestable under the Lanham Act on October 4, 2000, when the U.S. Patent & Trademark Office accepted and acknowledged Assure America's Section 15 Affidavit.

23. Assure America is the owner of U.S. Trademark Registration No. 2,847,189 for the mark ASSURE AMERICA. This United States trademark registration covers the following services: "[i]nsurance agency services; underwriting services for property, casualty, life, health

and disability insurance; and providing information in the field of insurance via a web site. " The application which matured into U.S. Trademark Registration No. 2,847,189 was filed on March 7, 2002, based upon a first use in commerce in 1994. The registration was granted on June 1, 2004. This registration grants Assure America the exclusive right to use the mark "Assure America," or any confusingly similar mark (colorable imitation), in connection with property and casualty insurance, among other related insurance products and services.

24. U.S. Trademark Registration No. 2,847,189 for the mark ASSURE AMERICA became incontestable under the Lanham Act on February 9, 2010, when the U.S. Patent & Trademark Office accepted and acknowledged Assure America's Section 15 Affidavit.

25. For almost thirty years Assure America has continuously used and heavily promoted and advertised the mark "Assure America."

26. Assure America's federal registrations provide nationwide constructive notice of its ownership of the "Assurance America" mark, pursuant to 15 U.S.C. § 1072.

27. Assure America invests significant resources in the advertisement, marketing, and promotion of its services under its well-known "Assure America" mark, and has done so over the last several decades. This investment includes enforcing its exclusive rights.

28. Assure America has developed significant goodwill as a result of this investment.

29. The insurance industry is highly regulated. Insurance carriers and insurance agencies must be licensed in the individual states in which they do business. Without the appropriate license, these entities cannot provide insurance services to residents of a particular state.

30. The insurance industry is segmented between insurance carriers that write insurance policies, pay claims, and carry risk and insurance agencies that are authorized to sell the

products of one or more insurance carriers. These are further differentiated by the types of policies offered and the customers targeted. A specific segment of the insurance industry focuses on the provision of minimum legal limit insurance to drivers considered to be high-risk and/or having poor credit.

31. Upon information and belief, Defendant AssuranceAmerica advertises, promotes, and sells non-standard private passenger automobile insurance. This often consists of minimum legal limit automobile insurance coverage sold to high-risk drivers and/or those with poor credit.

32. Upon information and belief, AssuranceAmerica owns and operates a website, accessible by the domain name https://assuranceamerica.com/.

33. Upon information and belief, AssuranceAmerica commenced use of the service mark "AssuranceAmerica" subsequent to both Assure America's adoption of the "Assure America" trademark, and subsequent to the filing and issuance of U.S. Trademark Registration No. 1,924,077 for the mark ASSURE AMERICA.

34. Upon information and belief, AssuranceAmerica began offering basic, low-limit property and casualty automobile insurance in Georgia, and subsequently expanded operations throughout the southeastern and southwestern regions of the United States. Due to its expansion, AssuranceAmerica and Assure America are now both licensed to provide insurance services in multiple overlapping states.

35. Assure America placed AssuranceAmerica on notice of its prior trademark rights at least as early as 2004. At such time, the respective companies operated in separate and distinct regions of the United States, and Assure America was not aware of actual customer confusion. Assure America nevertheless informed AssuranceAmerica that any overlapping business would require a trademark license or a change in the AssuranceAmerica name.

36. As a result of the expansion of use into additional regions of the United States, as well as nationwide use of the AssuranceAmerica mark via the Internet and social media platforms, Assure America has experienced extensive actual confusion in the marketplace.

37. Examples of this actual confusion include dozens of AssuranceAmerica customers contacting Assure America from 2021 to the present to make claims under their AssuranceAmerica automobile property and casualty policies. Other examples of actual confusion include multiple individuals contacting Assure America to inquire about AssuranceAmerica's minimum allowable coverage policies.

38. Assure America receives at least 3-4 telephone calls per week that are misdirected from consumers believing Assure America is their insurer, when in fact, they are customers of AssuranceAmerica.

39. Assure America has also been contacted by insurance carriers seeking subrogation of claims submitted by their policy holders, wherein such subrogation claims were intended for AssuranceAmerica.

40. Attached hereto as Exhibit A is an email dated October 4, 2022 from State Farm Insurance to Assure America. This email sets forth that an individual believed to be at fault in an automobile accident is allegedly an Assure America policyholder and that Assure America is to set up a claim to initiate repairs for the State Farm policyholder. The second page of Exhibit A demonstrates that the policy at issue was instead issued by AssuranceAmerica, thus demonstrating actual confusion in the marketplace.

41. Attached hereto as Exhibit B is an October 19, 2022 notice of lien sent from Conduent Payment Integrity Solutions to Assure America's address in Weirton. This notice of

lien attempts to preserve a subrogation claim. While Assure America's address is used, the notice is addressed to "Assurance America," thus demonstrating actual confusion in the marketplace.

42. Attached hereto as Exhibit C is a sampling of Health Insurance Claim Forms that are addressed to "Assurance America" but mailed to Assure America in Weirton. Due to privacy concerns, only the first pages of these forms are attached and the names and addressed of the insureds have been redacted. Each of these forms was sent with the medical records of these individuals that had been requested by or on behalf of AssuranceAmerica.

43. Attached hereto as Exhibit D is a letter dated April 5, 2022 from Carworks Collision Repair Center in Arizona noting that it intended to file a report of an abandoned vehicle with the Arizona Department of Transportation. This letter is likewise addressed to "Assurance America" but mailed to Assure America's Weirton address.

44. The above is only a small sample of the extensive confusion that has been occurring and steadily increasing over the past year. This confusion is not only damaging to Assure America, but also to the public in general. These liens and claims intended for AssuranceAmerica but sent to Assure America could result in delayed and lost claims, as well as statute of limitation ramifications impacting the carriers and insured. This ongoing confusion is damaging to third parties throughout the United States.

45. The mistaken mailing of AssuranceAmerica insured's personal medical records to Assure America not only impacts the resolution of their claims, but raises serious HPAA violation concerns.

46. This extensive confusion is not only disruptive, but also harmful to the reputation of Assure America. Disgruntled AssuranceAmerica customers have mistakenly posted negative comments reviewing "Assure America" while intending to identify AssuranceAmerica.

47. Assure America has likewise been the victim of at least one Better Business Bureau complaint that was intended to be lodged against AssuranceAmerica. In late 2021, an AssuranceAmerica insured attempted to file such complaint directed to AssuranceAmerica's customer service, but mistakenly identified Assure America in such complaint. Assure America has informed the Better Business Bureau of the mistake, but the Better Business Bureau has refused to remedy such mistake. As such, the reputation of Assure America is continuously harmed by the outstanding Better Business Bureau complaint that incorrectly identifies Assure America as the offending party as a direct result of consumer confusion. This Better Business Bureau complaint is attached hereto as Exhibit E.

48. By letter dated June 17, 2022, Assure America has placed AssuranceAmerica on actual notice of its infringing conduct, and requested that AssuranceAmerica cease use of its infringing mark. AssuranceAmerica has refused to cease its infringing activities.

49. Due to the geographic expansion of AssuranceAmerica's business and the now prevalent use of the Internet and social media platforms for advertising and the exchange of information, the respective businesses of Assure America and AssuranceAmerica now overlap.

50. As a result of AssuranceAmerica's acts, Assure America has been injured by, *inter alia*, the confusion between the parties' marks, by lessening the goodwill of the "Assure America" mark, and by tarnishing the reputation of Assure America with the buying public.

51. As a result of AssuranceAmerica's acts, third party insurance carriers and policyholders have been injured by, *inter alia*, the confusion between the parties' marks, by notices, liens, claims, and other communications being directed to Assure America when intended for AssuranceAmerica. Individual policy holders have been further injured by the mistaken mailing of their confidential medical records to Assure America.

52. AssuranceAmerica's use of its infringing mark will continue to cause grave and irreparable harm and injury to Assure America and the general public unless AssuranceAmerica is ordered to cease its infringing conduct, as AssuranceAmerica has ignored repeated requests to do so.

## COUNT I
### (FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114))

53. Assure America repeats and realleges the allegations contained in the prior paragraphs as if fully set forth herein.

54. AssuranceAmerica unauthorized use of the "AssuranceAmerica" mark in advertising, selling, and offering its automobile insurance products is likely to cause confusion, mistake, and deception, and has already caused repeated instances of actual confusion among the consuming public.

55. The acts of AssuranceAmerica as herein alleged constitute infringement of the "Assure America" marks under 15 U.S.C. § 1114.

56. AssuranceAmerica's actions have caused and, unless restrained by this Court, will continue to cause Assure America and the public to suffer great and irreparable damage and injury through, *inter alia*, the likelihood of confusion and the loss of Assure America's valuable goodwill and business reputation.

57. Since at least 2004, AssuranceAmerica has had actual knowledge of Assure America's asserted rights in the "Assure America" service marks.  Yet, AssuranceAmerica continues to advertise, sell, and offer its insurance products using its infringing marks in the United States, including within this District.  AssuranceAmerica is therefore engaged, and continues to engage, in knowing, willful, and deliberate infringement.

58. Assure America is entitled to recover from AssuranceAmerica the damages it has sustained and will continue to sustain as a result of AssuranceAmerica's ongoing wrongful conduct as alleged herein. Assure America is further entitled to recover from AssuranceAmerica the gains, profits, and advantages it has obtained as a result of such wrongful conduct. AssuranceAmerica's use of the infringing marks is deliberate and willful, and thus constitutes knowing use of confusingly similar marks. Assure America is therefore entitled to recover profits, actual damages, enhanced damages, and its attorneys' fees and costs incurred in this action, as well as prejudgement interest.

59. The precise amount of damages will be determined at trial.

60. Assure America's monetary remedy is not adequate to compensate it for the injuries inflicted by AssuranceAmerica. Accordingly, Assure America is entitled to injunctive relief requiring AssuranceAmerica to cease its infringing conduct.

## COUNT II
## (FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)))

61. Assure America repeats and realleges the allegations contained in the prior paragraphs as if fully set forth herein.

62. AssuranceAmerica's unauthorized use of its confusingly similar mark in advertising, selling, and offering its insurance products is likely to mislead consumers into believing that AssuranceAmerica's products and services originate from, are affiliated with, or are sponsored, authorized, approved, or sanctioned by Assure America when, in fact, they are not.

63. AssuranceAmerica's activities constitute false designation of origin, false descriptions and representations, and false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64.     AssuranceAmerica knew, or should have known, of Assure America's rights in and to the "Assure America" mark.  AssuranceAmerica had actual knowledge of Assure America's rights at least as early as 2004.  AssuranceAmerica's acts of willful false designation of origin, false representation, and false advertising have caused Assure America to sustain damage, loss, and injury in an amount that cannot be fully measured or compensated in economic terms. AssuranceAmerica's actions have damaged, and will continue to damage, the business, market reputation, and goodwill of Assure America, and may discourage current and potential customers from dealing with Assure America, and create mistake and deception among the relevant purchasing public as to the origin, sponsorship, and approval of infringing insurance products and services.

65.     AssuranceAmerica has engaged in, and continues to engage in, the alleged activities knowingly, willfully, and deliberately.

66.     Assure America is entitled to recover from AssuranceAmerica the damages it has sustained and will continue to sustain as a result of AssuranceAmerica's ongoing wrongful conduct as alleged herein.  Assure America is further entitled to recover from AssuranceAmerica the gains, profits, and advantages that it has obtained as a result of such wrongful conduct. AssuranceAmerica's use of its infringing mark is deliberate and willful, and thus constitutes knowing use of confusingly similar marks.  Assure America is therefore entitled to recover profits, actual damages, enhanced damages, and its attorneys' fees and costs incurred in this action, as well as prejudgement interest.

67.     The precise amount of damages will be determined at trial.

68. Assure America's monetary remedy is not adequate to compensate it for the injuries inflicted by AssuranceAmerica. Accordingly, Assure America is entitled to injunctive relief requiring AssuranceAmerica to cease its infringing conduct.

## COUNT III
## (TRADEMARK DILUTION/TARNISHMENT (15 U.S.C. § 1125(a)))

69. Assure America repeats and realleges the allegations contained in the prior paragraphs as if fully set forth herein.

70. AssuranceAmerica offers cut-rate, minimum legal limit automobile insurance. AssuranceAmerica provides auto insurance to high-risk drivers with a history of collisions, infractions, or spotty insurance payments, often targeting customers that are high-risk drivers with speeding tickets, accidents, or DUIs on their records. The website, autoinsurance.org notes that "Google Reviews lists 110 reviews, the majority of which give AssuranceAmerica a 1/5. The average customer review is 1.5/5 due to some ratings of 2/5 and higher." The Internet and social media platforms are replete with negative reviews and comments directed to AssuranceAmerica.

71. Multiple individuals have mistakenly made complaints and/or posted negative comments or reviews of "Assure America" while intending to identify "AssuranceAmerica."

72. Assure America and AssuranceAmerica both provide property and casualty automobile insurance. AssuranceAmerica's business practices, reputation, and customer complaints negatively impact Assure America when customers and potential customers attribute such practices, reputation, and complaints to Assure America. AssuranceAmerica's actions have tarnished the "Assure America" mark due to the association of AssuranceAmerica's inferior products and services harming the reputation of Assure America. AssuranceAmerica's actions have diluted the "Assure America" mark by creating an association between "Assure America" and "AssuranceAmerica" that impairs the distinctiveness of the "Assure America" mark.

73. Assure America's "Assure America" mark is famous in the relevant market as is evidenced by its extensive advertising and promotional activities, including its website, social media platforms, digital advertisements, billboards and banners, blogs and direct mailings.

74. AssuranceAmerica's activities constitute trademark dilution by blurring and tarnishment in commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

75. AssuranceAmerica has engaged in, and continues to engage in, the alleged activities knowingly, willfully, and deliberately.

76. Assure America is entitled to recover from AssuranceAmerica the damages it has sustained and will continue to sustain as a result of AssuranceAmerica's ongoing wrongful conduct as alleged herein. Assure America is further entitled to recover from AssuranceAmerica the gains, profits, and advantages that it has obtained as a result of such wrongful conduct. AssuranceAmerica's dilution by blurring and tarnishment is deliberate and willful. Assure America is therefore entitled to recover profits, actual damages, enhanced damages, and its attorneys' fees and costs incurred in this action, as well as prejudgement interest.

77. The precise amount of damages will be determined at trial.

78. Assure America's monetary remedy is not adequate to compensate it for the injuries inflicted by AssuranceAmerica. Accordingly, Assure America is entitled to injunctive relief requiring AssuranceAmerica to cease its wrongful conduct.

## COUNT IV
### (COMMON LAW UNFAIR COMPETITION AND MISAPPROPRIATION)

79. Assure America repeats and realleges the allegations contained in the prior paragraphs as if fully set forth herein.

80. AssuranceAmerica's continued use of its infringing mark constitutes unfair competition with Assure America by creating a likelihood of confusion as to the source or

sponsorship of the services provided by AssuranceAmerica. AssuranceAmerica has thereby misappropriated the unique reputation and goodwill of Assure America represented by the "Assure America" mark, injuring Assure America's reputation and goodwill, and diverting from Assure America the benefits arising therefrom.

81. Assure America is entitled to an award of monetary damages for such infringement in an amount to be determined at trial.

82. AssuranceAmerica's actions have damaged, and will continue to damage, the business, market reputation, and goodwill of Assure America, and may discourage current and potential customers from conducting business with Assure America.

83. AssuranceAmerica engaged, and continues to engage, in these activities knowingly, willfully, and deliberately.

84. AssuranceAmerica's aforesaid acts, unless enjoined by this Court, will continue to cause Assure America irreparable damage, loss, and injury for which Assure America has no adequate remedy at law. Such irreparable damage will continue unless the acts of Assurance America are enjoined.

**COUNT V**
**(TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS)**

85. Assure America repeats and re-alleges the allegations contained in the prior paragraphs as if fully set forth herein.

86. Assure America alleges that AssuranceAmerica has tortiously interfered with its business relations and its trademark rights and has caused Assure America to suffer damages.

87. There existed and exists a contractual and/or business relationship and/or the expectancy of a business relationship between Assure America and its current and prospective

customers. Those relationships are based in significant part on the good reputation and trademark named associated by the public and its customers with Assure America.

88. The acts set forth herein by AssuranceAmerica are intentional and willful and wanton acts of interference by a third party outside the aforesaid Assure America/customer relationship, including AssuranceAmerica's repeated use of a similar name despite prior notice to them of Assure America's trademark rights, all of which has caused and continues to cause confusion and damage to Assure America's customer relationships and business.

89. AssuranceAmerica's interference caused the aforesaid harm alleged above, including ill-founded complaints on social media, as well as Better Business Bureau complaints and numerous calls to Assure America alleging unfound complaints of poor service.

90. Assure America has suffered damages, including clerical costs in dealing with such harm and damage to its business reputation.

## **PRAYER FOR RELIEF**

WHEREFORE, Assure America prays that this Court enter Judgment against AssuranceAmerica Corporation, AssuranceAmerica Insurance Company, AssuranceAmerica Managing General Agency LLC, and InsureMax Insurance Company as follows:

1. AssuranceAmerica Corporation, AssuranceAmerica Insurance Company, AssuranceAmerica Managing General Agency LLC, and InsureMax Insurance Company and all of their respective directors, officers, managers, members, agents, servants, employees, attorneys, and anyone acting in concert with the foregoing, shall be permanently enjoined:

   a. From using any of the "AssuranceAmerica" marks or any marks or names confusingly similar to "Assure America" in advertising, selling, or offering insurance related services, and shall be ordered to immediately remove all infringing uses, including,

without limitation, website and social media content and any other uses of the mark in any advertising content;

  b. From acquiring and/or using any domain name that contains "AssuranceAmerica," "Assure America" and/or "assure" in connection with insurance related services;

  c. From using any logo, trade name, service mark, trademark, or trade dress that may be calculated to falsely represent or which has the effect of falsely representing that the goods or services of AssuranceAmerica Corporation, AssuranceAmerica Insurance Company, AssuranceAmerica Managing General Agency LLC, and/or InsureMax Insurance Company are sponsored or authorized by Assure America, or are in any way associated with Assure America;

  d. From otherwise unfairly competing with Assure America; and

  e. From falsely representing itself as being connected with Assure America or sponsored by or associated with Assure America or engaging in any act which is likely to falsely cause customers to believe that AssuranceAmerica Corporation, AssuranceAmerica Insurance Company, AssuranceAmerica Managing General Agency LLC, and/or InsureMax Insurance Company are associated with Assure America;

  2. AssuranceAmerica Corporation, AssuranceAmerica Insurance Company, AssuranceAmerica Managing General Agency LLC, and InsureMax Insurance Company shall account to Assure America for any and all profits derived by AssuranceAmerica Corporation, AssuranceAmerica Insurance Company, AssuranceAmerica Managing General Agency LLC, and InsureMax Insurance Company for the sale of infringing services, and to otherwise also pay damages to Assure America for the acts forming the basis of this Complaint.

3. Assure America shall be awarded enhanced damages, exemplary damages, trebled damages and/or statutory damages.

4. AssuranceAmerica Corporation, AssuranceAmerica Insurance Company, AssuranceAmerica Managing General Agency LLC, and InsureMax Insurance Company shall pay to Assure America an amount equal to the costs of this action and the reasonable attorneys' fees incurred by Assure America in enforcing its rights against these Defendants.

5. AssuranceAmerica Corporation, AssuranceAmerica Insurance Company, AssuranceAmerica Managing General Agency LLC, and InsureMax Insurance Company shall pay prejudgment and post judgment interest on any monetary award.

6. AssuranceAmerica Corporation, AssuranceAmerica Insurance Company, AssuranceAmerica Managing General Agency LLC, and InsureMax Insurance Company shall pay general compensatory and punitive damages to Assure America.

7. Assure America shall be granted such other and further relief as the Court deems equitable and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Assure America hereby demands a trial by jury for all issues triable by a jury.

Respectfully submitted,

**SELLITTI, NOGAY & NOGAY, PLLC**

Dated: January 23, 2023

s/ *Michael Edward. Nogay*
Michael Edward Nogay (WV ID No. 2744)
3125 Pennsylvania Avenue
Weirton, WV 26062
304.723.1400
304.723.3252 (fax)
Mike@NogayLaw.com

*AND*

Kent E. Baldauf, Jr*.
Cecilia R. Dickson*
Bryan P. Clark*
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
cdickson@webblaw.com
bclark@webblaw.com

*Pro Hac Vice admission to be filed

*Attorneys for Plaintiff*